UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X      03 CV 0713 (NG) (MDG)
MARY STEELE,

                        **Plaintiff,**

    -against-

**COSTCO WHOLESALE CORPORATION
and WEST COAST INDUSTRIES,**

                        **Defendants.**
-------------------------------------------------------------------X      **ORDER**
**COSTCO WHOLESALE CORPORATION,**

                        **Third-Party Plaintiff,**

    -against-

**WEST COAST INDUSTRIES,**

                        **Third-Party Defendant.**
-------------------------------------------------------------------X

**GERSHON, United States District Judge:**

    Plaintiff appeals from an order of Magistrate Judge Go denying her motion for discovery sanctions. For the reasons set forth below, the order is affirmed.

## BACKGROUND

    Plaintiff alleges that she suffered personal injuries from a fall that occurred while she was attempting to seat herself at a table at one of defendant's stores. On October 25, 2004, plaintiff moved, pursuant to Federal Rule of Civil Procedure 37, for sanctions against defendant Costco Wholesale Corporation for spoliation of evidence based on defendant's failure to preserve the

allegedly defective table for inspection by plaintiff. Specifically, plaintiff sought an order striking defendant's answer, or, in the alternative, an adverse inference charge instructing the jury that it "must infer that Costco destroyed evidence that it was legally required to preserve and that such evidence would have been in the condition alleged by plaintiff had it been produced for examination." By order dated December 13, 2004, the Honorable Marilyn D. Go, United States Magistrate Judge, to whom all pretrial matters in this case have been referred, denied the motion "because plaintiff has failed to establish the requisite elements for the extreme sanctions she seeks." Nevertheless, Judge Go ruled that defendant would be precluded from using information derived from any inspection of the table, other than the inspection conducted by a store manager, in the presence of plaintiff, immediately following plaintiff's fall. Judge Go also ruled that her order is without prejudice to renewal by plaintiff of the request for an adverse inference charge at the time of trial because, on a fuller record, the trial judge may conclude that such a charge is warranted. Plaintiff filed objections to Judge Go's order on January 7, 2005, and defendant filed opposition to the objections on January 21, 2005.

## DISCUSSION

### I.     Standard of Review

As an initial matter, the court must determine the applicable standard of review. Incorporating the jurisdictional standards of 28 U.S.C. § 636, Federal Rule of Civil Procedure 72(a) provides that a magistrate judge is authorized to "hear and determine" any pretrial matter that is "not dispositive of a claim or defense of a party." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). The order of a magistrate judge made pursuant to the judge's "hear and determine" jurisdiction may

be modified or set aside by the district court only if it is "clearly erroneous or contrary to law." *Id*. With respect to pretrial matters that are dispositive, Federal Rule of Civil Procedure 72(b) provides that a magistrate judge "shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate." Fed. R. Civ. P. 72(b); *accord* 28 U.S.C. § 636(b)(1)(B). Such recommendations are subject to *de novo* review by the district court. *Id*.

Here, plaintiff argues that its motion was dispositive in nature because one of the sanctions it sought, striking defendant's answer, would require the entry of a default judgment in favor of plaintiff. As a result, plaintiff asserts that Judge Go's order was unauthorized and should be construed as a report and recommendation, subject to *de novo* review.

When a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether the decision is dispositive. 14 *Moore's Federal Practice* § 72.02[7][b] (2005); *accord* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2 (2005) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions."). If a moving party requests a dispositive sanction, but the magistrate judge declines to impose it, the judge's decision is governed by Rule 72(a). *See, e.g., Phinney v. Wentworth Douglas Hospital*, 199 F.3d 1, 5-6 (1st Cir. 1999)*; Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995); *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 794 (S.D. W. Va. 2004); *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525-26 (2d Cir. 1990)). On the other hand, if a magistrate judge finds that a dispositive sanction is appropriate, Rule 72(b) governs. *See, e.g., Zises v. Dept. of Social Services*, 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

Since Judge Go declined to impose a dispositive sanction on defendant, her decision is governed by Rule 72(a). Accordingly, this court may not modify or set aside any part of the decision unless it is clearly erroneous or contrary to law.

**II.     Rule 37 Sanctions**

Upon a thorough review of the record, this court concludes that Judge Go's determination that defendant's failure to preserve the table does not warrant the extreme sanction of striking its answer is neither clearly erroneous nor contrary to law. Likewise, Judge Go's determination that adopting an adverse inference charge would be premature at this stage of the litigation does not constitute clear error.

## CONCLUSION

For the reasons set forth above, the order of Judge Go, dated December 13, 2004, is affirmed.

SO ORDERED.

/S/
**NINA GERSHON**
**United States District Judge**

Dated:     Brooklyn, New York
           May 6, 2005